O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4644 AHM (Ex) | Date | October 1, 2009 |
|---|---|---|---|
| Title | CHARLES EDWARD LINCOLN, III v. RECONTRUST CORPORATION, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

The Court DENIES Plaintiff's Amended Application for Entry of Clerk's Default against Defendant ReconTrust Corporation ("ReconTrust").[1] A corporation may be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual;" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Rule 4(e)(1), in turn, provides that someone may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under California law, then, a corporation may be served by delivering copies of the summons and complaint to the "president, chief executive officer, or other head of the corporation, a vice president, a secretary, or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process" or the person "designated as agent for service of process" for the corporation. Cal. Code Civ. Proc. § 416.10. According to the declaration of the process server, Peyton Yates Freiman, he attempted to serve ReconTrust by leaving the Complaint with a security guard named Steven Semeinzki who worked for Countrywide at ReconTrust's address in Simi Valley, CA. The declaration does not specify how, if at all, ReconTrust and Countrywide are related. The server also left the Complaint with a "lobby ambassador" named Charles Murphy who worked for Countrywide, at an address in Calabasas, CA where a security guard at the Simi Valley location had told Mr. Freiman that ReconTrust accepted service. Plaintiff does not explain how a security guard or a "lobby ambassador" qualifies for one of the

---

[1]Docket No. 15.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4644 AHM (Ex) | Date | October 1, 2009 |
|---|---|---|---|
| Title | CHARLES EDWARD LINCOLN, III v. RECONTRUST CORPORATION, *et al.* | | |

specific categories of individuals allowed to receive service on behalf of a corporation. These individuals are not officers of the corporation, and Plaintiff has not offered any justification for treating them as agents designated or otherwise authorized to receive service of process.

Moreover, Plaintiff has not even indicated how these individuals are related to ReconTrust. The declaration states that the individuals who received the Complaint are employees of Countrywide without explaining how the two companies are related. Also, the mere fact that one company is related to another does not, alone, authorize the one company to accept service on behalf of the other. For example, service on a subsidiary does not effect service on the parent corporation, unless there is evidence that the two corporations are not independently operated. *See Adams v. AlliedSignal General Aviations Avionics*, 74 F.3d 882, 885 (8th Cir. 1996); William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* (2008) § 5:215. However, "if the parent corporation completely dominates the subsidiary and they *operate as a single entity*, each may be treated as a de facto agent for service of process on the other." *Id.* at § 5:216. *See Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 553 (N.D. Cal. 2003) (stating that for a Plaintiff to serve a subsidiary on behalf of the parent corporation, "the Plaintiff must demonstrate either that the subsidiary functions as the parent's agent or as its alter ego").

Mr. Freiman also declares that he has mailed the complaint via certified mail and facsimile to ReconTrust, but this alone is not sufficient to serve a California Corporation.

Thus, the Court cannot find on the present information that service on ReconTrust Corporation was validly executed, and so the Court DENIES Plaintiff's Amended Application for Entry of Clerk's Default.

                                                                    :
                            Initials of Preparer          SMO